## W. D. HADEN CO. v. THE TADPOLE et al.

## INDIAN RIVER LINES, Inc. v. W. D. HADEN CO.

### Nos. 1857, 1863.

United States District Court
S. D. Texas, Galveston Division.
April 26, 1949.

Bleecker L. Morse, of Galveston, Tex., for W. D. Haden Company.

Fulbright, Crooker, Freeman & Bates (Sweeney J. Doehring), of Houston, Tex., and Deutsch, Kerrigan & Stiles, of New Orleans, La., for Lea River Lines, Inc., and Indian River Lines, Inc.

KENNERLY, Chief Judge.

*Statement of the Case.*

The Barge Lola, owned by W. D. Haden Company, sank in the Intracoastal Canal, about five miles east of Port Bolivar, in this District and Division, on the night of October 21, 1945. On the morning of October 27, 1945, a tow made up of the Tug Tadpole, owned by Lea River Lines, Inc., with the Barge N.B.C. 584 and Barge N.B.C. 585 in tow, was in collision with the submerged Barge Lola. Admiralty No. 1857 is a suit by W. D. Haden Company against the Tadpole for damages alleged to have been caused to the Lola in such collision. Admiralty No. 1863 is a suit by the Indian River Lines, Inc., the owner of Barge N.B.C. 584, against W. D. Haden Company for damages alleged to have been caused the Barge N.B.C. 584 in such collision. Each charge the other with negligence. The cases have been consolidated and tried together.

*Findings of Fact.*

(a) On October 21, 1945, the Tug Joey, with the loaded Barges Cecil and Lola in tow, left Red Fish Reef bound for Port Arthur, Texas, through the Intracoastal Canal. About 9:00 P. M. on that date, the tow was struck by a sudden squall and encountered rough waters. The tow lines slipped, and the barges went aground on the north bank of the channel. Later, the Barge Lola seems to have slid off, and she sank in the canal. There were various activities by W. D. Haden Company with respect to unloading the Lola, protecting her, etc.

(b) On the evening of October 26, 1945, the Tug Tadpole, with two loaded oil barges, N.B.C. 584 and N.B.C. 585, in tow, left Texas City, Texas, going eastward through the Intracoastal Canal. The Tadpole was pushing the two barges ahead of her, N.B.C. 584 being the lead barge in the tow. Knowing or learning that the Lola was sunk in the canal, the Tadpole and her tow tied up for the night about one-half mile west of where the Lola was sunk. About 6:15 A. M., October 27, 1945, the Tadpole and her tow proceeded on their way, and in an effort to pass or in passing the Lola, were in collision with her.

(c) The charge of negligence brought against the Tadpole is that:

"(1) She was not in charge of competent persons.

"(2) She failed to keep a good lookout.

"(3) She was proceeding at an immoderate rate of speed under the circumstances.

"(4) She failed to heed the buoys and light signals as displayed.

"(5) She failed to keep to the north side of the channel, knowing of the existence of the sunken barge, having passed the site two days previously.

"(6) She failed to stop and render aid after the collision.

"(7) She did nothing to avoid the collision."

The evidence does not support nor sustain this charge, and I find that neither the Tadpole nor her tow nor those in charge thereof were negligent in those respects, nor in any respect.

"(d) The charge of negligence brought against W. D. Haden Company is that:

"1. The barge 'Lola' was caused and permitted to sink in navigable waters of the United States, to-wit: the Gulf Intracoastal Waterway, in such manner as to obstruct said Waterway and endanger vessels moving on same.

"2. After so sinking in said Waterway, the 'Lola' was not properly marked.

"3. The sunken barge 'Lola' was marked only with a floating buoy over approximately the center of her.

"4. No marker was placed on that part of the sunken barge 'Lola' which extended furthest toward the northerly side of the channel of said Waterway.

"5. Although officers, agents and employees of the respondent were on the site of the sunken barge 'Lola' when the 'Tadpole' and tow attempted to pass, they failed and neglected to warn those in charge of the 'Tadpole' of the location of said sunken barge.

"6. No proper warning was given to the 'Tadpole' of the location of said sunken barge 'Lola'.

"7. The southerly half of the channel of said Waterway was obstructed by other vessels owned by the respondent.

"8. Prompt measures were not taken by the respondent to raise and remove said

sunken barge 'Lola' from obstructing and endangering said Waterway.

"9. Said sunken barge 'Lola' was caused and permitted by the respondent to obstruct said Waterway and endanger vessels moving on same, including the motor vessel 'Tadpole' and her tow."

The evidence shows W. D. Haden Company to have been negligent in the manner set forth in the above paragraphs 2, 3, 4, 5, 6, 8 and 9, which negligence was the proximate cause of the collision.

*Conclusions of Law.*

1. I conclude that W. D. Haden Company is liable in damages to Indian River Lines, Inc., for the injury to the N.R.C. 584, but that neither the Tadpole nor her tow nor Indian River Lines, Inc., their owners, are liable to W. D. Haden Company.

Judgment will enter that W. D. Haden Company take nothing, and that the Indian River Lines, Inc., recover damages of W. D. Haden Company, with costs.